623 So.2d 31 (1993)
Betty Williamson WHITE,
v.
Olney J. WHITE.
No. 92 CA 2003.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
*32 Mary Olive Pierson, Baton Rouge, for Betty Williamson White.
Robert H. Harrison, Denham Springs, for defendant-appellee.
Before CARTER and CRAIN, JJ., and CHIASSON[*], J. Pro Tem.
*33 REMY CHIASSON, J. Pro Tem.
This action is a devolutive appeal from a summary judgment denying Betty Williamson White Mill's[1] community property claim to U.S. Military Retirement Benefits of Olney J. White.

FACTS
Betty Williamson Mills and Olney J. White were married in September, 1952. They remained married until they were judicially separated on March 2, 1966, and divorced on June 27, 1967. The community property of the parties was never judicially partitioned.
In 1989 Ms. Mills filed suit against Mr. White seeking recognition of her community interest in Mr. White's military retirement benefits. Mr. White was an enlisted member of the United States Marine Corps for three years before the parties were married. From May 31, 1952, through March 12, 1980, Mr. White was an officer in the United States Army Reserve. As a result of this service, Mr. White was entitled to U.S. Military Retirement Benefits.
Both parties filed motions for summary judgment. The trial court, relying on 10 U.S.C. § 1408(c)(1), ruled that the military retirement benefits were not community property and entered summary judgment in favor of Mr. White. From that decision, Ms. Mills appealed.

FAILURE TO RECOGNIZE RESERVATION OF JURISDICTION AS REQUIRED BY FEDERAL LAW

(Plaintiff's only assignment of error)
Ms. Mills maintains that the judgment of separation, rendered in 1966, met federal requirements of reservation of jurisdiction to partition the military retirement benefits as provided in the Uniformed Services Former Spouses Protection Act (USFSPA), 10 U.S.C. § 1408. She argues that the granting of a permanent injunction enjoining Mr. White from alienating, disposing or mortgaging the community property at the time of judicial separation is sufficient to meet the provisions of this act.
Mr. White contends that no action to partition the community property was instituted until twenty-four years after the parties separated; that spousal entitlement to U.S. military benefits is preempted by federal law as determined by Congress; and Congress expressly enacted 10 U.S.C. § 1408(c)(1) which forbids retroactive application by states to claims of former spouses for military retirement benefits unless those claims were specifically reserved.
In McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the United States Supreme Court held that, under federal statutes, United States military retirement pay is a personal entitlement which preempts state community property laws. In response to this ruling, Congress appeared to legislatively overrule McCarty by enacting USFSPA which became retroactive to June 25, 1981, the day before McCarty was decided. USFSPA permitted the division of military retirement benefits between spouses under certain circumstances. Originally, 1408(c)(1) of this act[2] seemed to give state courts authority to reopen pre-McCarty decisions so former spouses could be awarded a share of military retirement pay.
Congress, concerned that many divorce cases were being reopened, amended 10 U.S.C. § 1408(c)(1), effective November 5, 1990,[3] to clarify its intent. Congress amended *34 this section by adding a second sentence which limits state courts from subsequently dividing military retirement pay when a final decree of divorce or legal separation did not treat this pay as community property prior to McCarty. 10 U.S.C. § 1408(c)(1) now reads as follows:
(c) Authority for court to treat retired pay as property of the member and spouse.(1) Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.
The intent of Congress by amending 10 U.S.C. § 1408(c)(1) was to prevent relitigation of cases concluded prior to McCarty. The clear wording of this federal preemption statute requires a specific treatment of military retirement benefits in the division of the community or a specific reservation of jurisdiction to treat military retirement benefits as community property. Under general principles of Louisiana law, once a court obtains jurisdiction in a divorce proceeding, it retains control over incidental matters connected with the original proceeding. However, it appears that the operation of general principles of continuing jurisdiction will not satisfy the federal statutory requirement of 10 U.S.C. § 1408(c)(1). See Johnson v. Johnson, 605 So.2d 1157, 1161 (La.App. 2nd Cir.1991), writ denied, 608 So.2d 152 (La.1992).
In the instant case the parties were judicially separated on March 2, 1966, and divorced on June 27, 1967, fourteen years before McCarty. In the 1960's Louisiana courts held that a former spouse was entitled to a community share of military retirement pay when the right to such benefits was acquired during the marriage. See for example, Succession of Scott, 231 La. 381, 91 So.2d 574 (1956). Ms. Mills was certainly aware at the time of her separation and divorce that, at some future date, Mr. White may become eligible for military retirement benefits and that she could be entitled to a portion of those payments. Nevertheless, Ms. Mills did not claim or specifically reserve her right to these benefits. In 1989 Ms. Mills asserted a claim for a portion of these benefits, relying on the judgment of separation which contained a permanent injunction prohibiting Mr. White from alienating, disposing, or mortgaging community property. However, neither the judgment of separation nor the judgment of divorce made any specific mention or reservation of military retirement benefits. Furthermore, any reservation of military benefits should include a fractional amount based upon the years the parties shared a community interest in those benefits.
We find that federal law under 10 U.S.C. § 1408(c)(1) preempts the classification and division of Mr. White's military retirement benefits as community property and Ms. Mills has no claim to a community portion. Accordingly, this assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed dismissing plaintiff's claims. Plaintiff is cast for all costs.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, Retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[1] Even though this suit lists plaintiff's name as Betty Williamson White, plaintiff prefers to be called Betty Williamson Mills. This Court will hereinafter refer to plaintiff as Ms. Mills.
[2] As first enacted, 10 U.S.C. § 1408(c)(1) stated the following:

(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.
[3] This Court notes that the 1990 amendment to 10 U.S.C. § 1408(c)(1) became effective after this suit was filed. However, this Court determined in Dunham v. Dunham, 602 So.2d 1139, 1143 (La.App. 1st Cir.), writ denied, 605 So.2d 1375 (La.1992), that the 1990 amendment applies retroactively to pre-McCarty decisions involving claims of former spouses for military retirement benefits.