**Ruth Dalferes KEMP,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE, Defense Finance and Accounting Service.**

Civ. A. No. 93–1768.

United States District Court,
W.D. Louisiana,
Shreveport Division.

May 6, 1994.

---

Robert W. Cook, Haughton, LA, for plaintiff.

John Robert Halliburton, Asst. U.S. Atty., Shreveport, LA, for U.S. Dept. of Defense.

## MEMORANDUM RULING

STAGG, Senior District Judge.

Presently before the court is a motion to dismiss by the defendant and a motion for summary judgment by the plaintiff. For the reasons stated below, defendant's motion to dismiss is GRANTED and plaintiff's motion for summary judgment is DENIED.

On August 10, 1978, in the 26th Judicial District Court, Bossier Parish, Louisiana, a judgment of divorce was rendered which dissolved the matrimonial regime between plaintiff, Mrs. Ruth Dalferes Kemp, and her then husband, Oris A. Kemp. The judgment of divorce recognizes each as a one-half owner of all the property acquired during the existence of the marriage. The judgment, however, does not contain any reference to Mr. Kemp's military retirement pay. On March 5, 1990, that same court rendered a judgment which decreed, *inter alia,* that Ruth D. Kemp was "entitled to .36168 percent of all past and future military retirement received and to be received by" Oris A. Kemp. An amended judgment rendered on April 2, 1992 contained this identical provision. The defendant in this matter, the Defense Finance and Accounting Service, was not a party to either of these state court actions.

■ By the present suit, the plaintiff seeks a judgment from this court recognizing her entitlement to the direct payment of her share of her former husband's military retirement pay as provided by the state court judgments, and ordering the Defense Finance and Accounting Service to begin making such payments directly to plaintiff. The defendant has previously refused plaintiff's application for benefits, taking the position that such payments are not authorized under the Uniformed Services Former Spouses Protection Act.

Under 10 U.S.C. § 1408(c)(1),

[a] court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

In this case, a final decree of divorce was issued on April 10, 1978, and the decree "did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse." As stated earlier, the state court judgment of divorce did not contain any reference to Mr. Kemp's military retirement pay.

■ It is clear that the March 5, 1990 and April 2, 1992 judgments are not in accordance with the clear mandate of § 1408(c)(1) and the Louisiana jurisprudence interpreting same. *See e.g., White v. White,* 623 So.2d 31 (La.App. 1st Cir.1993); *Johnson v. Johnson,* 605 So.2d 1157 (La.App. 2nd Cir.1992); and *Dunham v. Dunham,* 602 So.2d 1139 (La. App. 1st Cir.1992). As this court has no appellate jurisdiction over state courts, how-

ever, it is powerless to amend the judgments by that court. 28 U.S.C. § 1257; *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Nevertheless, it is axiomatic that a judgment is conclusive only as between the parties to the suit and has no res judicata effect as to third persons. Thus, the Defense Finance and Accounting Service is not bound by the state court judgments.

Notwithstanding the existence of a valid state court judgment between plaintiff and her former husband and this court's duty to give full faith and credit to that judgment, this court cannot order that a third party comply with the terms of a judgment that is contrary to clearly established federal law. Accordingly, defendant's motion to dismiss is **GRANTED** and plaintiff's case is **DISMISSED WITH PREJUDICE.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 5th day of May, 1994.

#### *JUDGMENT*

For the reasons assigned in the foregoing Memorandum Ruling,

**IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff's motion for summary judgment is **DENIED,** that defendant's motion to dismiss is **GRANTED,** and that plaintiff's case is **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 5th day of May, 1994.