Alene M. BUYS, Petitioner,

v.

Norbert F. BUYS, Respondent.

No. 95–0521.

Supreme Court of Texas.

June 14, 1996.

Rehearing Overruled July 12, 1996.

L. John Gittinger, Yolanda I. Gonzalez, Leonard J. Gittinger, Jr., Gittinger & Gittinger, San Antonio, for petitioner.

Gary A. Beahm, Law Office of Gary A. Beahm, San Antonio, for respondent.

BAKER, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and GONZALEZ, HECHT, CORNYN, ENOCH, OWEN, and ABBOTT, Justices, join.

BAKER, Justice.

The main issue in this case is whether the residuary clause in a property settlement agreement incident to a divorce, granting the wife the community property rights in the husband's unidentified intangible property, must expressly mention military retirement benefits to comply with the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408(c)(1). The court of appeals held that the statute requires the divorce decree to expressly mention the military retirement benefits to "treat (or reserve jurisdiction to treat)" the benefits, without which an award or partition is unenforceable under the statute. 898 S.W.2d 903. We disagree. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.

## I. THE FACTUAL BACKGROUND

Alene and Norbert Buys married in 1953 and divorced in 1970. The divorce decree incorporated the parties' property settlement agreement. The residuary clause of the agreement stated:

All of the other properties, financial assets and belongings of the parties hereto, whether separate or community, not specifically set aside to the defendant [Norbert Buys] under Paragraph I. above shall be and is hereby specifically set apart, assigned, given, granted and conveyed to plaintiff [Alene Buys] as the separate property of the plaintiff herein and the defendant herein expressly releases, assigns, gives, grants and conveys to the plaintiff herein all the defendant's right title and interest in and to the property hereby set apart to Plaintiff that he now has or may have, free of and waiving any and all claims at law or in equity that he has or may have, in whole or in part to such property.

The agreement did not specifically mention military retirement benefits. The rest of the agreement, read as a whole, has nothing to conflict with giving the residuary clause its plain meaning.

During their marriage, Norbert served on active duty in the United States Air Force. He also served as an active reservist. He was in the Reserve when the parties divorced. After the divorce, Norbert served over twenty more years in the Reserve. He retired with military pension rights on February 3, 1990. Norbert, who had worked in the Civil Service during the marriage, also retired from Civil Service with retirement benefits in February 1985.

On July 13, 1990, Alene sued Norbert for a share of both the military and Civil Service retirement benefits. She sued for declaratory judgment that the property settlement agreement residuary clause covered both retirement benefits. Alternatively, she sued for partition of the community part of the benefits as community property not expressly divided in the divorce decree. Norbert defended, in part, on the ground that the Uniformed Services Former Spouses' Protection Act and its 1990 amendment prevents division of benefits from military retirement if the divorce was granted before 1981 and the benefits were not expressly divided in the divorce decree.

## II. CASE LAW AND LEGISLATIVE HISTORY

To consider the federal statutes we review their legal history. When perhaps a majority of the states held to the contrary—that military retirement benefits did not become property until it vested—we held that military retirement and disability benefits earned during the marriage were community property subject to division upon divorce. *Cearley v. Cearley,* 544 S.W.2d 661, 666 (Tex. 1976); *Busby v. Busby,* 457 S.W.2d 551 (Tex. 1970); *Herring v. Blakeley,* 385 S.W.2d 843 (Tex.1965). We held that when the divorce decree did not divide the community military retirement benefits, the parties jointly owned them as tenants in common and that a partition suit was a proper remedy to divide these benefits after divorce. *Harrell v. Harrell,*

692 S.W.2d 876 (Tex.1985); *Busby,* 457 S.W.2d at 554.

In 1981, the United States Supreme Court halted state suits to divide military nondisability retirement, whether by divorce suit, partition proceedings or otherwise. In this significant decision, the Court held that because of the government's interest in national defense, Congress intended that only the persons expressly specified, under the conditions set out in the military retirement statutes, could collect. The Court prohibited the division of military retirement benefits by state courts and further proscribed any adjustment in the award of other community property to offset the loss of these benefits. *See McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

In 1982, Congress responded to *McCarty* by enacting the Uniformed Services Former Spouses' Protection Act, Pub.L. No. 97–252, 96 Stat. 730 (codified as amended at 10 U.S.C. § 1408 (1983)). The purpose of this Act was to reverse *McCarty*'s effect and to once again allow state courts to treat retired pay of a spouse with military service as marital property subject to division under state law. *Mansell v. Mansell,* 490 U.S. 581, 584, 109 S.Ct. 2023, 2026, 104 L.Ed.2d 675 (1989); *Grier v. Grier,* 731 S.W.2d 931, 932 (Tex.1987); *Cameron v. Cameron,* 641 S.W.2d 210, 212 (Tex.1982). The Act used the day before the *McCarty* decision, June 25, 1981, to define which retirement pay period benefits could be divided under it.

■ Effective November 5, 1990, Congress amended the Act. This time Congress sought to limit the power of state courts that were abusing the original Act. The amendment states:

> A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (*including a court ordered, ratified, or approved property settlement incident to such decree*) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not *treat*

> (*or reserve jurisdiction to treat*) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

10 U.S.C. § 1408(c)(1)(emphasis added). Legislative history indicates that Congress did not intend for state courts to use the Former Spouses' Protection Act to reopen pre-*McCarty* divorces to divide military retirement benefits. "A number of courts ... interpreted the law differently, and ... reopened pre-*McCarty* decisions in order to award a share of retired pay to former spouses." H.R. REP. No. 923, 101st Cong., 2d Sess., v.6, at 609 (1990), U.S.CODE CONG. & ADMIN. NEWS 2931, 3166. Congress enacted the amendment to stop that practice. One report elaborated on this abuse:

> The committee is concerned because some state courts have been less than faithful in their adherence to the spirit of the law [Former Spouses' Protection Act]. The reopening of divorce cases finalized before the Supreme Court's decision in *McCarty v. McCarty* that did not divide retired pay continues to be a significant problem. Years after final divorce decrees have been issued, some state courts, particularly those in California, have reopened cases (through partition actions or otherwise) to award a share of retired pay. Although Congress has twice stated in report language that this result was not intended, the practice continues unabated. Such action is inconsistent with the notion that a final decree of divorce represents a final disposition of the marital estate.

H.R. REP. No. 665, 101st Cong., 2d Sess., v.6 at 279, *reprinted in* 1990 U.S.CODE CONG. & ADMIN. NEWS 2931, 3005. Our task is to apply the amendment to the Buys' property settlement agreement incorporated into the divorce decree.

## III. THE RESIDUARY CLAUSE

The court of appeals held that, as a matter of state law, the residuary clause did not reach the military retirement. The court further concluded that as a pure partition action, Alene's suit was prohibited by the 1990 amendment because the residuary clause does not "treat" the military retire-

ment benefits. We reject the court of appeals' first holding. Consequently, we reach a somewhat different issue on the construction and application of the federal amendment.

## A. Construction of the Residuary Clause

■ The rules of contract law govern the construction of a property settlement agreement incorporated into a divorce decree. If the agreement is worded so that we can give it a certain or definite legal meaning, it is not ambiguous and we construe it as a matter of law. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). Here the residuary clause is clear and unambiguous. It unambiguously includes the community property part of Norbert's military (and Civil Service) retirement benefits. Under Texas law when the parties divorced, a divorce decree's property settlement provisions could divide or assign the community portion of the retirement benefits. Under the terms of the residuary clause, Norbert "surrendered [his] community interests in" this retirement benefits property because the words used unambiguously include them. *See Partin v. de Cordova,* 464 S.W.2d 956, 957 (Tex.Civ.App.—Eastland 1971, writ ref'd); *see also Phillips v. Parrish,* 814 S.W.2d 501, 503 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

## B. Decisions of the Courts of Appeals

In concluding that the Buys' residuary clause did not reach military retirement benefits, the court of appeals divided the reported cases into two inconsistent "lines." The court then chose to follow the "line" it construed as requiring express mention of military retirement somewhere in the settlement agreement. We conclude the court of appeals erred in analyzing "residuary clause" opinions of other courts of appeals, as well as its own prior opinions. The court of appeals' analysis looked only at whether an opinion held that a residuary clause covered retirement benefits. The court of appeals did not differentiate the cases based on the different provisions in the residuary clauses, particularly whether the language of the specific residuary clauses at issue necessarily included retirement benefits.

As examples, the court of appeals relied on *Dunn v. Dunn,* 703 S.W.2d 317 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Yeo v. Yeo,* 581 S.W.2d 734 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); and *Dessommes v. Dessommes,* 505 S.W.2d 673 (Tex.Civ. App.—Dallas 1973, writ ref'd n.r.e.). Each of these cases had a residuary clause referring to property in "possession" of the party. In these cases, the main holding was that retirement benefits were intangible and not "possessed" by the party whose employer granted them in his or her name. The residuary clauses did not unambiguously cover retirement benefits.

In contrast, the courts in *Tharp v. Tharp,* 772 S.W.2d 467 (Tex.App.—Dallas 1989, no writ), and *Jacobs v. Cude,* 641 S.W.2d 258 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), considered broad residuary clauses without the "possession" language or a similar limitation. In those cases, the courts of appeals held the divorce judgments effective to convey the retirement benefits not otherwise specifically mentioned. Both opinions and commentary have elaborated on this distinction between "possession" residuary clauses and other clauses. *See, e.g., Phillips v. Parrish,* 814 S.W.2d at 504; *Dunn,* 703 S.W.2d at 319; William Reppy, Jr., *The 1990 U.S.F.S.P.A. Amendment: No Bar to Recognition of Tenancy in Common Interests Created by Pre–McCarty Divorces That Fail to Divide Military Retirement Benefits,* 29 IDAHO L. REV. 941, 971 n. 81 (1992). The court of appeals erred in its conclusion that cases such as *Dunn, Yeo,* and *Dessommes* held that a residuary clause could never divide military retirement benefits without specifically mentioning them.

## C. Application of 1990 Amendment

Because we hold that the residuary clause was effective to award the community retirement benefits to Alene, our evaluation of how the 1990 amendment applies differs greatly from the court of appeals' analysis. The community part of the unaccrued and unmatured military retirement benefits were subject to division as a marital property asset. Under state law, Alene owns the retirement benefits because of the property settlement

contract incorporated into the divorce judgment. For the 1990 amendment to the Former Spouses' Protection Act to mean that the divorce judgment did not "treat" the military retirement, Congress would have had to intend that residuary clauses legally effective under state law were nullified by the amendment about military retirement benefits. Put another way, Congress would have had to intend that military retirement benefits the divorce decree *already gave* to a party years ago under applicable state law were *taken away* by enactment of the statute. Nothing on the face of the federal statute requires such a result. The statute's language just as easily leads to the conclusion that a state court judgment effective to award community military retirement "treats" military retirement. Construing the statute to take away the existing award would violate a primary principle of federal statutory construction—that in construing federal statutes courts should strive to leave state family law unaltered.

As the Supreme Court stated:

On the rare occasion when state family law has come into conflict with a federal statute, this Court has limited review under the Supremacy Clause to a determination whether Congress has positively required by direct enactment that state law is preempted. A mere conflict in words is not sufficient. State family and family-property law must do major damage to clear and substantial federal interests before the Supremacy Clause will demand that state law be overridden.... The pertinent questions are whether the right as asserted conflicts with the express terms of federal law and whether its consequences sufficiently injure the objectives of the federal program to require nonrecognition.

*Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 583, 99 S.Ct. 802, 808, 809, 59 L.Ed.2d 1 (1979)(internal quotations and citations omitted). We may harmonize the statute with state law by enforcing the divorce judgment's award of military retirement benefits, giving effect to a property settlement agreement incorporated into an existing judgment, and acknowledging that the legislative history expressly sanctions the result. The legislative purpose was to preclude "reopening" a final divorce judgment. Here we do not reopen a divorce decree, but allow Alene to enforce the award made to her under the decree. We conclude that the residuary clause of the divorce decree "treats" military retirement benefits within the meaning of 10 U.S.C. § 1408(c)(1).

### D. Opinions in Other Jurisdictions

In the trial court, Norbert Buys argued that the 1990 amendment deprived the court of jurisdiction because it did not mention military retirement, and therefore, under his analysis did not treat it. He filed a motion to dismiss, a second motion to dismiss and plea to the jurisdiction, and an amended second motion to dismiss and plea to the jurisdiction, all of which presented different shades of his jurisdictional argument. Norbert also pled and argued the statute as a defensive matter. He offered it as a ground for summary judgment and a conclusive defense in his motion for new trial. The diversity of language about the statute perhaps explains his positions. However, we find his position unpersuasive.

We acknowledge that language from opinions from other jurisdictions suggests or states that a divorce decree before June 25, 1981 must expressly mention military retirement benefits to "treat" them under section 1408(c)(1). We may distinguish all these cases because none of them considered an unambiguous residuary clause effective under state law to award the military retirement benefits. Further, by examining the factual context of each case, we conclude that the broad language was meant to apply only to the factual contexts at issue, and therefore not to a legally effective residuary clause. We review the factual contexts of several of these cases.

In *Kemp v. United States Department of Defense,* 857 F.Supp. 32, 33 (W.D.La.1994), the court emphasized that "the state court judgment of divorce did not contain any reference to Mr. Kemp's military retirement pay." In *Kemp,* the court concluded that the divorce decree did not "treat" military retirement. The factual context, however, was

that there was a 1978 divorce judgment (without a residuary clause) followed by two subsequent partition actions in 1990 and 1992, the latter actions being to divide the military retirement benefits. In essence, the facts show a pure "subsequent partition" action.

The *Kemp* opinion cited *Dunham v. Dunham,* 602 So.2d 1139 (La.App. 1st Cir.), *writ denied,* 605 So.2d 1375 (La.1992), on what federal law required. The facts in *Dunham* (marriage 1959, divorce 1974 with no residuary clause or specific mention of military retirement, partition suit for military retirement benefits 1990) make it clear, however, that *Dunham* also was a pure partition suit to reopen the property division to reach the military retirement benefits. *See Dunham,* 602 So.2d at 1140, 1142–43.

Likewise, in *Johnson v. Johnson,* 605 So.2d 1157, 1161 (La.App. 2d Cir.), *writ denied,* 608 So.2d 152 (La.1992), the court wrote that section 1408(c)(1) required "specific treatment" of military retirement benefits in the divorce judgment. The factual context, in contrast, was a 1976 divorce with a property settlement agreement that did not mention military retirement benefits and did not have an unambiguous residuary clause sufficient to award military retirement benefits under state law. Again, the court essentially dealt with a pure partition suit rather than a suit enforcing an award under the divorce judgment.

The court confronted a different construction issue in *Terry v. Lee,* 314 S.C. 420, 445 S.E.2d 435 (1994). The parties' 1968 California divorce judgment had a provision that if a court of competent jurisdiction later should determine that a party was possessed of community property unknown to the party or not specified in the property settlement, then the party agreed to pay the other party one-half of the fair market value of such property upon request. *Terry,* 445 S.E.2d at 436–37. The court concluded that the provision did not treat the military retirement benefits because at the time of the divorce the benefits were not divisible property under *McCarty,* and hence were not included as marital property contemplated by the provision. *Terry,* 445 S.E.2d at 437–38.

A similar argument asking the appellate court to strain to find military retirement benefits "treated" under a general order was presented in *White v. White,* 623 So.2d 31 (La.App. 1st Cir.1993). The 1967 divorce did not partition the community property of the parties, and made no mention of military retirement benefits. The former wife argued that the entry of a permanent injunction when the parties legally separated enjoining the former husband from alienating, disposing or mortgaging the community property was enough to treat or reserve jurisdiction to treat military retirement benefits under section 1408(c)(1). *White,* 623 So.2d at 33. The court concluded, "The clear wording of this federal preemption statute requires a specific treatment of military retirement benefits in the division of the community or a specific reservation of jurisdiction to treat military retirement benefits as community property." *White,* 623 So.2d at 34. The court further suggested that "any reservation of military benefits should include a fractional amount." *White,* 623 So.2d at 34. In context, the *White* holding is that a broad reference to "community property" in an injunctive order is not enough to reserve treatment of military retirement benefits. *White* does not compel the conclusion that a broad residuary clause *in the divorce decree* which is actually effective to award the military retirement benefits is not treatment under the 1990 federal amendment.

Opinions considering post-divorce suits to divide retirement rights "equitably" as "marital property" subject to division after a final divorce decree, with no claim that the divorce decree or its property settlement awarded the military retirement to a party, simply do not apply. *Cf. Johnson v. Johnson,* 824 P.2d 1381, 1382 (Alaska 1992)(pure post-divorce equitable suit in which divorce property settlement provisions did not specify husband's military retirement benefits "in any way"); *Hollyfield v. Hollyfield,* 618 So.2d 1303, 1304–05 (Miss.1993)(pure post-divorce equitable suit in which military retirement benefits were "not mentioned in the [divorce] judgment," so "decree neither treated, nor reserved jurisdiction to treat" military retired pay); *Mings v. Mings,* 841 S.W.2d 267, 268

(Mo.App.1992)(equitable action for division of alleged marital property in which military retirement was not awarded by divorce decree); *Mote v. Corser,* 810 S.W.2d 122 (Mo.App.1991)(divorce decree did not award or mention military retirement such that pure equitable claims in later partition suit were not enough to meet federal requirements).

We do not hold that the residuary clause is only broad enough to embrace the one-half of the community interest the trial court awarded Alene. Because she limited the request for relief in her application for writ of error to the retirement benefit sums the trial court awarded, we do not consider the issue whether the clause conveyed greater interests. Similarly, we do not imply that the residuary clause touches only one-half of the community part of the Civil Service retirement. Because the clause covers the trial court sum, we reach the same result as the court of appeals judgment on Civil Service benefits. Also, we do not consider and express no opinion on whether the 1990 amendment preempts a community property state court's ability to partition "tenancy in common" military retirement benefits earned during marriage but not awarded in the final divorce decree. *Compare Walton v. Lee,* 888 S.W.2d 604 (Tex.App.—Beaumont 1994, writ denied), *with Knowles v. Knowles,* 811 S.W.2d 709 (Tex.App.—Tyler 1991, no writ); *see also* Reppy, *The 1990 U.S.F.S.P.A. Amendment,* 29 IDAHO L. REV. at 961.

## IV. PRE-JUDGMENT INTEREST

■ There is another issue on which we reverse the court of appeals: whether to award pre-judgment interest. Both the trial court and court of appeals erroneously concluded that the basis for Alene's recovery had to be a partition suit for retirement benefits held by both parties jointly as tenants in common until partition. The court of appeals based its holding denying pre-judgment interest on this conclusion. 898 S.W.2d at 911. Because we hold that Alene can recover the amounts found by the trial court as a contract right under the property settlement agreement incorporated in the divorce decree, we cannot uphold the lower courts'

actions. As he received each payment for military retirement and Civil Service retirement, Norbert owed Alene the fractional amount found by the trial court. There were a series of certain sums due on ascertainable dates. She is entitled to pre-judgment interest as a matter of contract right. *Howze v. Surety Corp. of America,* 584 S.W.2d 263, 268 (Tex.1979). The record in this case does not allow this Court to find as a matter of law each of those dates and sums. We remand the cause to the trial court to find the necessary facts.

## V. SUMMARY

We hold that the unambiguous residuary clause at issue awarded community military retirement benefits to Alene Buys, and that she is entitled to pre-judgment interest on both military and Civil Service retirement benefits. We reverse the judgment of the court of appeals and render judgment that in addition to what the court of appeals awarded, Alene Buys recover the military retirement benefits stated in the trial court judgment and pre-judgment interest on both military and Civil Service retirement benefits awarded to her. We remand the cause to the trial court for determination of the pre-judgment interest and rendition of judgment consistent with this opinion.

SPECTOR, Justice, did not participate in the decision.