liKUHN, Judge,
dissenting.
I respectfully disagree with the majority opinion.
La. C.C.P. art. 3955 states:
The defendant spouse in an action filed under Civil Code Article 102 may file a petition for divorce in the same or another court of competent jurisdiction and venue. The declinatory exception of lis pendens is not applicable to an action for divorce brought under Civil Code Article 102. The declinatory exception of lis pendens is applicable to matters incidental to divorce. (Emphasis added.)
The official comment to art. 3955 notes, “The traditional rule of lis pendens is preserved as to incidental matters ... in order to prevent the defendant spouse from choosing another forum likely to be inconvenient or unfavorable to the plaintiff and forcing him to litigate the incidents of divorce there.”
It is axiomatic in Louisiana that once a court obtains jurisdiction in divorce proceeding, it retains control over incidental matters *747 connected with original proceeding. White v. White, 623 So.2d 31, 34 (La.App. 1st Cir. 1993).
La. C.C. art. 9 instructs:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written....
La. C.C. art. 10 provides:
When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
Applying these rules of statutory construction to the plain language of La. C.C.P. art. 3955 to the facts before us, it is clear the May 10, 1996 judgment rendered in St. Helena Parish addressed “matters incidental” to Mr. Newman’s suit for divorce. Because St. Helena properly exercised jurisdiction over the incidental matters raised in Mr. |2Newman’s rule for protective order, it retains jurisdiction as to all “matters incidental” to the divorce. To hold otherwise would render the plain language of the last sentence of La. C.C.P. art. 3955 meaningless and frustrate the obvious purpose of the provision which is to avoid multi-parish litigation.