TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00651-CV






Linda Sagester, Appellant



v.



Burroughs Allen Waltrip, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 97-02561, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 







 Linda Sagester appeals from the take-nothing summary judgment rendered against
her claim to a share of the military retirement benefits paid to her former husband, Burroughs
Allen Waltrip. (1) The trial court concluded that both a two-year and four-year statute of limitations
barred her suit. Sagester contends that Waltrip's general denial filed in her 1977 suit for the same
benefits was not a repudiation sufficient to trigger the statute of limitations. We will reverse the
judgment of the trial court and remand the cause to the trial court for further proceedings.


BACKGROUND


 The parties were married in 1954. They divorced in Travis County in May 1975. 
Waltrip was in the Navy for four years before the marriage and for sixteen years during the
marriage. Former spouses can claim a share of certain benefits earned during their marriage to
military personnel. See Buys v. Buys, 924 S.W.2d 369, 370 (Tex. 1996). Because the divorce
decree did not address the military retirement benefits earned by Waltrip's service, Sagester and
Waltrip held the benefits as tenants in common after the divorce; their interests could be divided
by a suit for partition. See id. at 370. In 1977, two years after the divorce was final, Sagester
sued for partition of the military benefits. Waltrip, then living out of state, filed a special
appearance and, subject to that special appearance, a general denial. The trial court dismissed that
suit in 1981 for want of prosecution without deciding the special appearance claim or whether the
disputed benefits were subject to partition.

 In 1997, Sagester filed this action for partition of the military benefits. Waltrip,
now living in Texas, again filed a general denial, but also moved for summary judgment based
on the lapse of the limitations period. He contended that the statute of limitations on Sagester's
partition claim began running when he filed the general denial in the earlier suit because that
served to repudiate her claim. The only evidence he introduced were documents from the 1977
suit--her petition, his answer, and the dismissal of the suit. The trial court agreed that Waltrip's
general denial was a repudiation of Sagester's claim and granted his motion for summary judgment
based on the lapse of both the two-year and four-year limitations periods.


DISCUSSION


 Sagester complains that the court should not have concluded that the general denial
was a repudiation sufficient to trigger either the Texas Family Code's two-year statute or the
general four-year statute of limitations.

 We review the summary-judgment record to determine whether the movant
established the absence of a genuine issue of material fact and entitlement to judgment as a matter
of law. See Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979). We view the record and its reasonable inferences in the light most
favorable to the nonmovant and resolve against the movant all doubts about the existence of a
genuine issue of material fact. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,
391 S.W.2d 41, 47 (Tex. 1965). A defendant moving for summary judgment on the affirmative
defense of limitations has the burden to conclusively establish that defense. Velsicol Chem. Corp.
v. Winograd, 956 S.W.2d 529, 530 (Tex. 1997).

 At issue is the trial court's conclusion that the statutes of limitations barred
Sagester's suit. The statutes of limitations on divorce-related partition suits are triggered by
repudiation of a claim of entitlement to a share of the undivided community property. Tex. Fam.
Code Ann. § 9.202(a) (West Supp. 1998) (formerly Tex. Fam. Code Ann. § 3.90) (two-year
statute); Shaw v. Corcoran, 570 S.W.2d 96, 98 (Tex. Civ. App.--Austin 1978, no writ) (applying
four-year general statute). The Texas Family Code requires that all suits to divide property not
divided or awarded to a spouse in a final decree of divorce be brought within two years of the date
one former spouse notifies the other former spouse that he or she unequivocally repudiates that
other spouse's ownership interest. Tex. Fam. Code Ann. § 9.202(a). A four-year statute of
limitations applies to all cases not involving real property that do not have a shorter limitations
period applicable. Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 1997). In partition suits
not subject to the Family Code provision, the trigger for the running of the four-year limitations
period is unequivocal repudiation. See Shaw, 570 S.W.2d at 98. Absent unequivocal repudiation,
the partition suit can be filed long after the divorce. The trial court below found that Sagester's
claim was barred by both statutes of limitation.

 This appeal turns on whether Waltrip's general denial in his answer to the 1977 suit
is, as a matter of law, sufficient repudiation of Sagester's claim to trigger the running of the
statutes of limitations periods. Resolution of this issue is dispositive because Waltrip offered no
evidence of repudiation other than his 1977 answer.

 We conclude that the pleadings from the 1977 suit do not show Waltrip
unequivocally repudiated Sagester's claim. Waltrip argues on appeal that the record shows the
requisite repudiation through both his 1977 pleading and Sagester's knowledge of his long-term
failure to pay her a share of the benefits. We disagree. We find no authority for the proposition
that a general denial combined with mere failure to share benefits for twenty years proves, as a
matter of law, unequivocal repudiation. A general denial merely lets Waltrip avoid default
judgment and puts all claims in issue. See Tex. R. Civ. P. 92. Its generality encompasses
possible messages ranging from quibbles over years of service during marriage, and thus
percentage of retirement benefits due, to complete denial of the right to any share of the benefits. 
Though a general denial in a prior lawsuit may be some evidence of repudiation, its very
generality prevents it from establishing as a matter of law the unequivocal repudiation required
to trigger the statute of limitations. Similarly, though the failure to pay any share may be some
evidence of disagreement with a claim, the meaning of that failure could range from uncertainty
over the amount of Sagester's entitlement to refusal to cooperate short of a lawsuit to wholesale
denial of the claim. A general denial is, at most, an equivocal repudiation. The trial court
dismissed the 1977 partition claim before reaching the merits. Waltrip's pleading and Sagester's
knowledge that she was not receiving benefits do not signify, as a matter of law, an unequivocal
repudiation of Sagester's claim. We sustain point of error two.

 We need not consider the merits of the other two points of error which seek the
same disposition as point two.


CONCLUSION


 We hold that a general denial does not unequivocally repudiate a claimed ownership
interest subject to partition. Neither statute of limitations begins to run until there is an
unequivocal repudiation. We reverse the trial court's grant of summary judgment based on the
statutes of limitations and remand the cause for further proceedings.



 
 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded

Filed: June 25, 1998

Publish
1. Though some documents refer to Burroughs Allen Waltrip, Jr., neither the judgment nor
the perfecting instrument includes the suffix.




genuine issue of material fact. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,
391 S.W.2d 41, 47 (Tex. 1965). A defendant moving for summary judgment on the affirmative
defense of limitations has the burden to conclusively establish that defense. Velsicol Chem. Corp.
v. Winograd, 956 S.W.2d 529, 530 (Tex. 1997).

 A