**Linda SAGESTER, Appellant,**

v.

**Burroughs Allen WALTRIP, Appellee.**

**No. 03–97–00651–CV.**

Court of Appeals of Texas, Austin.

June 25, 1998.

Rehearing Overruled July 30, 1998.

Susan Lee Voss, McCabe & Voss, Austin, for appellant.

Christopher B. Keller, Austin, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Linda Sagester appeals from the take-nothing summary judgment rendered against her claim to a share of the military retirement benefits paid to her former husband, Burroughs Allen Waltrip.[1] The trial court concluded that both a two-year and four-year statute of limitations barred her suit. Sagester contends that Waltrip's general denial filed in her 1977 suit for the same benefits was not a repudiation sufficient to trigger the statute of limitations. We will reverse the judgment of the trial court and remand the cause to the trial court for further proceedings.

## BACKGROUND

The parties were married in 1954. They divorced in Travis County in May 1975. Waltrip was in the Navy for four years before the marriage and for sixteen years during the marriage. Former spouses can claim a share of certain benefits earned during their marriage to military personnel. *See Buys v. Buys*, 924 S.W.2d 369, 370 (Tex. 1996). Because the divorce decree did not address the military retirement benefits earned by Waltrip's service, Sagester and Waltrip held the benefits as tenants in common after the divorce; their interests could be divided by a suit for partition. *See id.* at 370. In 1977, two years after the divorce was final, Sagester sued for partition of the military benefits. Waltrip, then living out of state, filed a special appearance and, subject to that special appearance, a general denial.

The trial court dismissed that suit in 1981 for want of prosecution without deciding the special appearance claim or whether the disputed benefits were subject to partition.

In 1997, Sagester filed this action for partition of the military benefits. Waltrip, now living in Texas, again filed a general denial, but also moved for summary judgment based on the lapse of the limitations period. He contended that the statute of limitations on Sagester's partition claim began running when he filed the general denial in the earlier suit because that served to repudiate her claim. The only evidence he introduced were documents from the 1977 suit—her petition, his answer, and the dismissal of the suit. The trial court agreed that Waltrip's general denial was a repudiation of Sagester's claim and granted his motion for summary judgment based on the lapse of both the two-year and four-year limitations periods.

## DISCUSSION

Sagester complains that the court should not have concluded that the general denial was a repudiation sufficient to trigger either the Texas Family Code's two-year statute or the general four-year statute of limitations.

■ We review the summary-judgment record to determine whether the movant established the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). We view the record and its reasonable inferences in the light most favorable to the nonmovant and resolve against the movant all doubts about the existence of a genuine issue of material fact. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997).

---

1. Though some documents refer to Burroughs Allen Waltrip, *Jr.*, neither the judgment nor the perfecting instrument includes the suffix.

At issue is the trial court's conclusion that the statutes of limitations barred Sagester's suit. The statutes of limitations on divorce-related partition suits are triggered by repudiation of a claim of entitlement to a share of the undivided community property. Tex. Fam.Code Ann. § 9.202(a) (West Supp. 1998) (formerly Tex. Fam.Code Ann. § 3.90) (two-year statute); *Shaw v. Corcoran*, 570 S.W.2d 96, 98 (Tex.Civ.App.—Austin 1978, no writ) (applying four-year general statute). The Texas Family Code requires that all suits to divide property not divided or awarded to a spouse in a final decree of divorce be brought within two years of the date one former spouse notifies the other former spouse that he or she *unequivocally* repudiates that other spouse's ownership interest. Tex. Fam.Code Ann. § 9.202(a). A four-year statute of limitations applies to all cases not involving real property that do not have a shorter limitations period applicable. Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (West 1997). In partition suits not subject to the Family Code provision, the trigger for the running of the four-year limitations period is unequivocal repudiation. *See Shaw*, 570 S.W.2d at 98. Absent unequivocal repudiation, the partition suit can be filed long after the divorce. The trial court below found that Sagester's claim was barred by both statutes of limitation.

This appeal turns on whether Waltrip's general denial in his answer to the 1977 suit is, as a matter of law, sufficient repudiation of Sagester's claim to trigger the running of the statutes of limitations periods. Resolution of this issue is dispositive because Waltrip offered no evidence of repudiation other than his 1977 answer.

We conclude that the pleadings from the 1977 suit do not show Waltrip unequivocally repudiated Sagester's claim. Waltrip argues on appeal that the record shows the requisite repudiation through both his 1977 pleading and Sagester's knowledge of his long-term failure to pay her a share of the benefits. We disagree. We find no authority for the proposition that a general denial combined with mere failure to share benefits for twenty years proves, as a matter of law, unequivocal repudiation. A general denial merely lets Waltrip avoid default judgment and puts all claims in issue. *See* Tex.R. Civ. P. 92. Its generality encompasses possible messages ranging from quibbles over years of service during marriage, and thus percentage of retirement benefits due, to complete denial of the right to any share of the benefits. Though a general denial in a prior lawsuit may be some evidence of repudiation, its very generality prevents it from establishing as a matter of law the *unequivocal* repudiation required to trigger the statute of limitations. Similarly, though the failure to pay any share may be some evidence of disagreement with a claim, the meaning of that failure could range from uncertainty over the amount of Sagester's entitlement to refusal to cooperate short of a lawsuit to wholesale denial of the claim. A general denial is, at most, an equivocal repudiation. The trial court dismissed the 1977 partition claim before reaching the merits. Waltrip's pleading and Sagester's knowledge that she was not receiving benefits do not signify, as a matter of law, an unequivocal repudiation of Sagester's claim. We sustain point of error two.

We need not consider the merits of the other two points of error which seek the same disposition as point two.

## CONCLUSION

We hold that a general denial does not unequivocally repudiate a claimed ownership interest subject to partition. Neither statute of limitations begins to run until there is an unequivocal repudiation. We reverse the trial court's grant of summary judgment based on the statutes of limitations and remand the cause for further proceedings.