**Connie LEWIS, Plaintiff,**

v.

**Gordon LEWIS, Defendant.**

**No. CV–S–88–262–PMP.**

United States District Court,
D. Nevada.

Sept. 12, 1988.

Marshal S. Willick, LePome, Willick & Gorman, Las Vegas, Nev., for plaintiff.

Paul E. Raby, Greenman, Goldberg & Raby, Las Vegas, Nev., for defendant.

ORDER

PRO, District Judge.

On March 12, 1988, Plaintiff CONNIE LEWIS filed a Complaint in the Eighth Judicial District Court of the State of Nevada. A Petition for Removal to the United States District Court was filed on April 13, 1988, by Defendant GORDON LEWIS. The Defendant filed a Motion to Dismiss on April 25, 1988. On May 18, 1988, Plaintiff filed an Opposition to the Petition for Re-

moval. A Reply was filed by the Defendant on May 24, 1988. On July 11, 1988, Plaintiff filed an Opposition to Motion to Dismiss. The Defendant, on August 4, 1988, filed a Reply to Opposition to Motion to Dismiss.

Plaintiff CONNIE and Defendant GORDON were married on January 20, 1956. Defendant Gordon commenced his Armed Services duty four years earlier, in April 1952, and served until December 1, 1984. A Decree of Divorce was entered on June 12, 1974 in the Eighth Judicial District Court. The Defendant began drawing retirement pay on or about November 1985. The Divorce Decree did not divide the military retirement benefits.

Plaintiff claims that the Nevada District Court has proper jurisdiction under Nev. Rev.Stat. § 125.161 (Mitchie NRS 125.155) which provides in pertinent part:

1. If a decree of divorce does not provide for the disposition of military benefits, the former spouse of a member of the Armed Forces of the United States who has received such a decree may bring an action in the district court for the partition of benefits to which the member spouse is or may be entitled, other than benefits for disability.

3. The district court has no jurisdiction over the spouse who is or was a member of the Armed Forces, or over payments received from the Armed Forces, unless the member spouse:

(c) Consents to the exercise of jurisdiction by the Court at the time the decree of divorce is entered or at any time thereafter.

Nev.Rev.Stat. § 125.161(1), (3)(c) (1987)

Regarding the issue of this Federal Court's personal jurisdiction over the Defendant, the Defendant, in his Motion to Dismiss, asserts that 10 U.S.C. § 1408(c), not NRS 125.161, is the controlling provision. Section 1408(c)(1), (4) reads:

(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member

and his spouse in accordance with the law of the jurisdiction of such court.

(c)(4) A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

10 U.S.C.A. § 1408(c)(1), (c)(4) (1982)

The Defendant argues that this Court has personal jurisdiction only if, at the time of the Complaint for partition of benefits, the Defendant either maintained a residence or was domiciled in the territorial jurisdiction of the Court, or provided his consent to jurisdiction. Furthermore, the Defendant maintains that even if NRS 125.-161 controls this issue the provision is unconstitutional in that it conflicts with the aforementioned federal statute.

In addition, the Defendant, in his Reply to Opposition to Motion to Dismiss, claimed that the requirements of the Nevada long arm statute, NRS 14.065, were not satisfied since he was never personally served. Therefore, it was argued, the Defendant was entitled to dismissal of the case. However, both the Plaintiff and Defendant acknowledged, during a hearing held on the Defendant's Motion to Dismiss on September 2, 1988, that the Defendant had, in fact, been properly served. Thus, it is agreed that the Plaintiff has satisfied the requirements under NRS 14.065.

The conjunctional requirements of subject matter and personal jurisdiction must be met before a court has authority to adjudicate the rights of parties to a dispute. *Rankin v. Howard*, 633 F.2d 844, 848 (9th Cir.1980), *cert. denied, Zeller v. Rankin*, 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1980). Thus, the absence of personal jurisdiction could destroy a court's jurisdiction. *Id.* "If a court lacks jurisdiction over a party, then it lacks all jurisdiction to adjudicate the party's rights, whether or not the subject matter is properly before it." *Id.*

The presence of both reasonable notice to the defendant that an action has been brought, and a sufficient connection between the defendant and the forum state, as to make it fair to require the defense of an action in the forum, are conditions precedent to the existence of personal jurisdiction. *Kulko v. Superior Ct. of Calif. In and For City and County of San Francisco,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), *reh'g denied,* 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978). A state court may exercise personal jurisdiction over a nonresident defendant provided that "minimum contacts" exists between the forum and the defendant. *World-wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). "Even a single contact with or activity in the forum state may satisfy the constitutional test for minimum contacts where the claim for relief arises therefrom." *Sage Computer Technology v. P–Code Distributing Corp.,* 576 F.Supp. 1194, 1197 (D.Nev.1983).

*Steel v. United States,* 813 F.2d 1545 (9th Cir.1987) involved a former spouse who sought, *inter alia,* to have "the Secretary of the Air Force ... honor the California court's division of [her former husband's] Air Force retirement benefits and to pay her share to her directly under the provisions of the Federal Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408." *Id.* at 1546. The District Court dismissed the Plaintiff's complaint stating that the defendant had insufficient contacts at the time of the filing of the complaint to allow personal jurisdiction, "and that the U.S. [did] not [waive] sovereign immunity via FUSFSPA." *Id.* However, the Circuit Court found that the defendant did, in fact, have sufficient contacts with the State of California.

█ In reaching this decision, the Court reasoned, in part, as follows:

[Defendant] contends that the Court should apply the more restrictive standard of the "personal jurisdiction provision" of FUSFSPA, 10 U.S.C. § 1408(c)(1). A careful reading reveals that *this provision is a limitation on*

*subject matter rather than personal jurisdiction.* A court otherwise having jurisdiction of the parties is not allowed to invoke the powers of FUSFSPA unless personal jurisdiction has been acquired by domicile or consent or residence other than by military assignment.

*Id.* at 1552 (emphasis added).

█ Since, according to *Steel,* 10 U.S.C. § 1408(c)(1) applies only to subject matter jurisdiction, Nevada law, in the instant case, controls the issue of this Court's personal jurisdiction over the Defendant. Under NRS 125.161(3)(c), a court has jurisdiction if the member or former member of the Armed Forces consented to the exercise of jurisdiction by the court *at the time of the divorce decree.* Therefore, the State of Nevada has determined that the "contact" that existed between the State and the Defendant at the time of the original divorce decree was sufficient as to justify the exercise of personal jurisdiction at a later hearing regarding the partition of military retirement benefits.

█ In addition, the Defendant had adequate notice, or fair warning, in regards to future hearings concerning property settlements. Section 14.065 of the Nevada Revised Statutes provides, in part:

2. Any person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if a natural person, his personal representative to the jurisdiction of the courts of this state as to *any cause of action which arises from:*

.   .   .   .   .

(e) *Living in the marital relationship* within this state notwithstanding subsequent departure from this state, as to all obligations arising for alimony, child support or *property settlement,* if the other party to the marital relationship continues to reside in this state;

Nev.Rev.Stat. § 14.065

Since the partition of military retirement benefits is a form of property settlement which arises from a marital relationship,

the Defendant, by virtue of § 14.065(2)(e), was in receipt of adequate warning of future proceedings.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby denied.