635 So.2d 614 (1994)
Daisy Thibodeaux MECHE, Plaintiff-Appellee,
v.
Norwood Joseph MECHE, Defendant-Appellant.
No. 93-1045.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*615 Christopher J. Roy, Alexandria, for Daisy Thibodeaux Meche.
Dee Dodson Drell, Alexandria, for Norwood Joseph Meche.
Before GUIDRY and LABORDE, JJ., and CULPEPPER,[*] J. Pro Tem.
WILLIAM A. CULPEPPER, Judge Pro Tem.
This is an action to partition the community assets of the parties. At issue is whether the defendant's military retirement pay is community property.
The district court granted summary judgment in the plaintiff's favor, holding that the military retirement benefits were community property. The defendant appeals the trial court's ruling on the following specifications of error.
"It is respectfully submitted that the trial court erred to defendant/appellant's substantial prejudice:
1. In finding that his military retirement benefits were community property;
2. In failing to find that federal law had preempted state law insofar as Daisy Thibodeaux Meche's claim is concerned;
3. In erroneously finding that, to bar her claim, the judgment of separation between the parties had to include a "court ordered, ratified, or approved property settlement";
4. In relying on the judgment of divorce of October 9, 1981 and not the judgment of separation on May 4, 1981 as the "final decree" under 10 U.S.C. Section 1408(c)(1);
5. In failing to grant Norwood Meche's motion for summary judgment."

GENERAL FACTS
The parties were married on December 20, 1958, in Lafayette, Louisiana. The defendant joined the U.S. Air Force in 1962. On May 4, 1981, the parties were legally separated by judgment of the Ninth Judicial District Court for the Parish of Rapides. They were divorced by judgment of that court on October 9, 1981. On October 31, 1981, they entered into a partial community property settlement that did not include the defendant's military retirement pay which had not yet accrued. In 1992 the defendant retired from the Air Force and began receiving his retirement benefits. Shortly before the defendant's retirement, the plaintiff sought partition of the retirement benefits. Both parties moved for summary judgment. After hearing arguments on November 30, 1992, the trial court rendered judgment in favor of the plaintiff, finding that the military retirement benefits were community property and that the plaintiff was, therefore, entitled to a part of those benefits.

LAW AND ANALYSIS
Before 1981, Louisiana treated military retirement pay as community property. In that year the U.S. Supreme Court ruled, in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), decided June 25, 1981, that military retirement pay was not community property. McCarty's effect was short-lived because Congress, in 1983, enacted the Uniformed Services Former Spouses Protection Act (USFSPA), which consisted of amendments to 10 U.S.C. § 1408. Paragraph (c)(1) of that section now reads as follows:
(c) Authority for court to treat retired pay as property of the member and spouse.(1) Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay *616 periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse. (Emphasis supplied.)
When this amendment was originally enacted, it completely abrogated the ruling in McCarty, supra, that military retirement benefits were not community property. Because of the reopening of cases which were decided prior to the enactment of the USFSPA, Congress added the second sentence of 10 U.S.C. § 1048(c)(1). That sentence is designed to limit the retroactivity of McCarty by preventing former spouses from reopening a case in which there was a property settlement, prior to the McCarty decision, that did not treat military retirement benefits as community property or did not reserve jurisdiction to treat such benefits as community property.
The U.S. Supreme Court's ruling in McCarty, therefore, only affects those cases in which the court issued, before June 25, 1981, a final decree of divorce, dissolution, annulment or legal separation that includes a court ordered, ratified, or approved property settlement incident to such decree and that did not treat (or reserve jurisdiction to treat) any amount of retired pay as community property. Appellant urges that the case at bar is a pre-McCarty case by virtue of the judgment of separation that was issued by the Ninth Judicial District Court on May 4, 1981, and is therefore governed by the ruling in McCarty.
To determine whether the appellant's military retirement pay may be treated as community property, this court must first determine whether the judgment of separation issued on May 4, 1981, is the type of final decree that prevents such treatment under 10 U.S.C. § 1408(c)(1), supra. Reading that statute reveals four requirements of a judgment or decree that, if met, will prevent the application of Louisiana's community property laws to military retirement benefits.
The first requirement is that the decree must be one of divorce, dissolution, annulment, or legal separation. The decree at issue is one of legal separation.
The second requirement is that the decree must have been issued before June 25, 1981, a requirement clearly fulfilled, because the date of issue was May 4, 1981.
The third requirement is that the decree of divorce, dissolution, annulment, or legal separation must be a "final decree" as defined by 10 U.S.C. § 1408(a)(3), which states:
(3) "Final decree" means a decree from which no appeal may be taken or from which no appeal has been taken within the time allowed for taking such appeals under the laws applicable to such appeals, or a decree from which timely appeal has been taken and such appeal has been finally decided under the laws applicable to such appeals.
The judgment of separation that was issued by the Ninth Judicial Court on May 4, 1981, is a final decree. It is a decree from which a timely appeal was taken and such appeal was finally decided under the laws of Louisiana, specifically, Louisiana Code of Civil Procedure Articles 2081 through 2167.
The final requirement is that the decree must include a court ordered, ratified, or approved property settlement incident to such decree. The appellant argues that no such requirement exists. His argument is based upon the fact that this requirement is placed between parenthesis in the second sentence of § 1408(c)(1). In support of his argument, appellant urges the court to adopt an interpretation described in his brief as follows:

*617 "In the 1990 amendment, it is significant that the terms "including a court ordered, ratified, or approved property settlement incident to such decree" are in parenthesis. The obvious intent of the parenthesis is merely to point out that the amendment is inclusive to such decrees in addition to a decree which does not contain such provisions."
This interpretation is not logically supported by the parenthetic language in § 1408(c)(1). The words "incident to such decree" obviate the appellant's proffered interpretation.
Such interpretation is also not supported by the intent of Congress in its amending § 1408(c)(1) in 1990 to add the second sentence. With this amendment, Congress intended to prevent the reopening of cases that were decided before McCarty and that did not treat military retirement benefits as community property or reserve the right to so treat it. See Dunham v. Dunham, 602 So.2d 1139 (La.App. 1st Cir.1992). The apparent purpose of the amendment, therefore, is to prevent the re-litigation of community property issues concerning military retirement benefits that were resolved prior to the McCarty ruling. Thus, where there is a pre-McCarty final decree that divides the property of former spouses and that does not either find that military retirement benefits are community property or reserve jurisdiction to treat such benefits as community property, the decree cannot be disturbed by the retrospective application of § 1408(c)(1).
Under the interpretation urged by the appellant, a decree of legal separation issued before June 25, 1981, that did not deal with any property of the spouses will act to bar the determination of the status of military retirement benefits as community property. This ignores the requirement of § 1408(c)(1) that there also be a court ordered property settlement which treats, or reserves jurisdiction to treat retirement pay as community property. Since the judgment of separation issued on May 4, 1981, did not include a court ordered, ratified, or approved property settlement of any kind, the court may treat the appellant's military retirement benefits as community property.

CONCLUSION
All of the appellant's specifications of error rest upon the premise that the lower court misinterpreted or misapplied 10 U.S.C. § 1408(c)(1). Because we find that the trial court correctly interpreted and applied that statute, the appellant's specifications of error have no merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at the cost of Norwood Joseph Meche.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.