Roberta June Stringer Harris
**DELRIE, Plaintiff,**

v.

**Harry C. HARRIS, Jr., Defendant.**

**Civil Action No. 97–0232.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

May 8, 1997.

Michael H. Davis, Davis & Saybe, Alexandria, LA, for Roberta June Stringer Harris Delrie.

J. Kendall Rathburn, Gold Weems Bruser Sues & Rundell, Alexandria, LA, for Harry C. Harris, Jr.

## RULING

LITTLE, Chief Judge.

Before this court is defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to Rule 12(b)(6). For the reasons that follow, the motion to dismiss for lack of personal jurisdiction is DENIED and the motion to dismiss for failure to state a claim is GRANTED. The suit is DISMISSED with prejudice.

### I. *Factual and Procedural Background*

Plaintiff Roberta June Stringer Harris Delrie ("Delrie") petitions the court for a partition of military retirement benefits paid and payable to her former husband, defendant Harry Harris, Jr. ("Harris"). Delrie filed this suit in the Ninth Judicial District Court, Rapides Parish, Louisiana. Harris removed to this court. Subject matter jurisdiction is satisfied by 28 U.S.C. § 1332. Harris now moves to dismiss pursuant to Rules 12(b)(2) and 12(b)(6).

The uncontroverted facts alleged in the complaint follow. Delrie and Harris married on 13 May 1943. On 6 January 1962 they were legally separated and their community property regime terminated by order of the Ninth Judicial District Court, Rapides Parish, Louisiana. Delrie and Harris entered into a voluntary community property settlement on 4 May 1962. The Ninth Judicial District Court entered a judgment of divorce on 9 September 1963. There is no court ordered, ratified, or approved property settlement incident to the divorce decree.

Harris entered the United States military in 1943 and was married to Delrie during approximately 19 years of his military career. Upon his retirement, Harris was entitled to military retirement benefits. He has been

receiving his retirement benefits for a number of years. The parties' community property settlement did not partition the military retirement rights. Delrie now seeks a partition of the military retirement benefits, asserting that she is entitled to a percentage share of the benefits paid and payable to Harris.

## II. Uniformed Services Former Spouses' Protection Act

Domestic relations are preeminently matters of state law. The Uniformed Services Former Spouses' Protection Act ("Former Spouses' Protection Act" or the "Act"), 10 U.S.C. § 1408, presents a rare instance where Congress has directly and specifically legislated in the area of domestic relations. *Mansell v. Mansell,* 490 U.S. 581, 587, 109 S.Ct. 2023, 2027–28, 104 L.Ed.2d 675, 684 (1989); *see* Jeffrey S. Guilford, *Exploring the Labyrinth: Current Issues Under the Uniformed Services Former Spouses' Protection Act* 132 Mil. L.Rev. 43 (1991). The Supreme Court in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), held that federal law precludes a state court from dividing military retirement pay pursuant to state community property law. Congress, concerned with the effect *McCarty* would have on the divorced spouses of military personnel but wishing to retain certain protections for military retirees, enacted the Former Spouses' Protection Act with great alacrity in 1982. The Act modified *McCarty* and, in effect, permitted states to treat military retirement benefits as either the property of the military member or as community property, with certain specified conditions.

Our resolution of the defendant's motion to dismiss hinges on two issues: (1) whether we have continuing jurisdiction over Delrie's claims; and, if so, (2) whether the Act forbids treatment of Harris' military retirement pay as community property. We conclude that jurisdiction is satisfied, but that the Act explicitly precludes the partitioning of Harris' military retirement pay.

## III. Personal Jurisdiction

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the party who seeks to invoke the jurisdiction of the district court bears the burden of establishing contacts by the non-resident defendant sufficient to invoke the jurisdiction of the court. *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989). The party who bears the burden need only present a prima facie case for personal jurisdiction; proof by a preponderance of the evidence is not required. *Id.* at 204. Uncontroverted allegations in the complaint must be taken as true, and conflicts between the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists. *Id.*

"A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant, provided state law confers such jurisdiction and its exercise comports with due process under the Constitution." *Id.* at 202 (citations omitted). In Louisiana, since the Louisiana long-arm statute extends as far as is permitted by due process, our inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional requirements. *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1361 (5th Cir.1990); La.Rev.Stat. § 13:3201(B).

The Supreme Court has held that due process is satisfied when the defendant, through "significant activities," has "purposefully established . . . minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473–76, 105 S.Ct. 2174, 2182–84, 85 L.Ed.2d 528, 540–42 (1985). Once the "minimum contacts" are established, the court should consider these contacts in light of other factors to "determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* at 476, 105 S.Ct. at 2183–84, 85 L.Ed.2d at 543 (citation omitted). The "other factors" include "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief, . . . the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interests of the several States in furthering substantive social policies.'" *Asahi Metal Industry Co., Ltd. v. Superior Court,* 480 U.S. 102, 113, 107

S.Ct. 1026, 1033, 94 L.Ed.2d 92, 105 (1987) (citations omitted).

■ Applying these factors in the instant case, we find that personal jurisdiction is satisfied. The question is whether Harris' litigation of the underlying divorce in Louisiana over thirty-three years ago triggered continuing jurisdiction over this community property partition action. An action to partition community property may be brought either as an incident to the divorce action, or as a separate action in the parish where the divorce judgment was rendered. La.Code Civ. Proc. art. 82. The Louisiana Supreme Court has held that there is continuing jurisdiction "over all matters incidental to dissolution of the marriage," including a subsequent action to partition community property. *Gowins v. Gowins*, 466 So.2d 32, 37 (La. 1985). By appearing and defending in one action, a defendant consents to jurisdiction over suits incidental to the first action.

Due process is not violated in this case because Harris was on adequate warning of future proceedings in this district. A consideration of "fair play and substantial justice" factors supports our conclusion. Harris is now domiciled in Oklahoma. On the other hand, the divorce proceedings were originally undertaken in Rapides Parish, Louisiana, where Harris previously resided and appeared to answer the petition for separation. Louisiana law required Delrie to file the partition action in Rapides Parish. There is a strong public policy preferring the resolution of community property disputes to a prolonged interstate litigation game of hide and go seek.

Harris, however, contends that the Former Spouses' Protection Act establishes a heightened requirement for personal jurisdiction that Delrie does not satisfy:

A court may not treat the disposable retired pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the terri-

torial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

10 U.S.C. § 1408(c)(4). In other words, Harris asserts that unless he currently resides, is domiciled, or consents to suit in Louisiana, personal jurisdiction is lacking.

■ This issue has not been addressed by the Fifth Circuit, but we agree with the careful analysis of the Ninth Circuit which concluded that § 1408(c)(4) is not a heightened requirement for personal jurisdiction, but is a substantive requirement linked to § 1408(c)(1).[1] *Steel v. United States*, 813 F.2d 1545, 1552 (9th Cir.1987); *Lewis v. Lewis*, 695 F.Supp. 1089, 1091 (D.Nev.1988). As we find that the Act does not impose a heightened requirement for personal jurisdiction and that due process is not abused, we conclude that jurisdiction is satisfied.

## IV. *Motion to Dismiss for Failure to State a Claim*

The plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent dismissal. *Id.* If it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, we should dismiss the complaint. *Id.* at 285.

## V. *Analysis: Former Spouses' Protection Act*

■ Harris asserts that the Former Spouses' Protection Act expressly bars Der-

---

1. As we conclude in our substantive analysis that Delrie's claim is barred by § 1408(c)(1) of the Former Spouses' Protection Act, we do not need to consider if Delrie has satisfied the additional requirements of § 1408(c)(4). We suspect, however, that Harris consented to this partition action by defending the prior divorce proceedings in Louisiana.

ie's claim. The sole issue is the proper interpretation of 10 U.S.C. § 1408(c)(1):

> Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after 25 June, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

There is no dispute in this case that there was a final decree of divorce issued prior to 1981 and it neither treated, nor reserved jurisdiction to treat, any amount of retired pay as community property. It is also uncontradicted that the divorce decree did not include a court ordered, ratified, or approved property settlement. What is acutely disputed is the meaning of the statute's parenthetical clause "including a court ordered, ratified, or approved property settlement incident to such decree."

Delrie suggests that the parenthetical clause limits the words "divorce, dissolution, annulment, or legal separation" so that unless the divorce included a court ordered, ratified, or approved property settlement, the condition of § 1408(c)(1)(A & B) does not apply. The court thus may treat the retirement benefits as community property. Harris contends that the parenthetical clause expands or illustrates the preceding list to include property settlements incident to such decrees, but not to limit the preceding words.

An approved property settlement, in other words, is not required for the exception to apply. This dispute is decisive because if Harris' interpretation is correct, the Act bars Delrie's partition action.

We hold that the plain language of the statute supports the interpretation suggested by Harris. The parenthetical clause in 10 U.S.C. § 1408(c)(1) illustrates the statutory language without limiting it. This precise question has not been addressed by the Fifth Circuit, but our conclusion is consistent both with a prior ruling in this district, *Kemp v. United States Dept. of Defense*, 857 F.Supp. 32 (W.D.La.1994), and common sense.[2] At the time of the Harris–Delrie divorce, Louisiana courts had held that a former spouse was entitled to a community share of military retirement benefits. *See, e.g., Succession of Scott* 231 La. 381, 91 So.2d 574 (1956). But by enacting § 1408(c)(1) of the Former Spouses' Protection Act, Congress acted to prevent relitigation of divorces concluded prior to 1981. Delrie thus had a right to the retirement benefits at one time, but did not act on that right until after it was terminated by passage of the Former Spouses' Protection Act.

We recognize that reading the Act literally may inflict economic harm on Delrie and other former military spouses. *See Mansell*, 490 U.S. at 594, 109 S.Ct. at 2031–32, 104 L.Ed.2d at 689. But we will not eviscerate a federal statute in order to achieve a sympathetic result. Congress wrote the Act, and only Congress may change it.

VI. *Conclusion*

Because Delrie's partition action is forbidden by the Former Spouses' Protection Act, Harris' motion to dismiss is GRANTED. The dismissal is with prejudice as the complaint cannot be amended to state a claim under the Act.

2. We note in passing that Louisiana state courts have split on this question. Two circuits have ruled as we do. *White v. White*, 623 So.2d 31 (La.App. 1st Cir.1993); *Johnson v. Johnson*, 605 So.2d 1157 (La.App. 2nd Cir.1992). A third has adopted the interpretation urged by Delrie. *Meche v. Meche*, 635 So.2d 614 (La.App. 3rd Cir.1994).