hWOODARD, Judge.
Carol Johnson Schexnayder (Schexnayder) sought to partition the military retirement benefits of her former husband, Frank Edward Holbert (Holbert). The parties were divorced on February 15, 1974. The trial court maintained Holbert’s Exception of No Cause or Right of Action. Schexnayder appeals the trial court’s decision. We reverse.
FACTS
Holbert and Schexnayder were married on December 17, 1960. Schexnayder filed for legal separation on November 23, 1971, and the Twelfth Judicial District Court signed a judgment of separation on January 11, 1972. On February 15, 1974, Holbert and Schex-nayder were legally divorced. There was never an action for partition of the community at that time.
Years later, on February 10, 1995, Schex-nayder filed a Petition for Partition, alleging that the only item of community property was Holbert’s military retirement. |2On August 20, 1996, Holbert filed an Exception of No Cause or Right of Action which the trial court sustained on March 18, 1997, providing oral reasons for its judgment. Notwithstanding, because the court’s recording equipment malfunctioned at the time that oral reasons were announced, written reasons for judgment were not available until later. Schexnayder appeals the trial court’s decision to this court.
ASSIGNMENTS OF ERROR
Schexnayder claims that the trial court erred in:
1. Granting Holbert’s Exception of No Cause of Action.
2. Finding that 10 U.S.C. Sec. 1408(c)(1) prohibits the litigation of cases decided prior to June 26,1981.
3. Finding that the military retirement benefits of appellee are his separate property.
LAW
The assignments of error are interrelated and will be addressed together.
Prior to 1981, Louisiana courts held that former spouses were entitled to a community share of the other spouse’s military retirement pay when the right to such benefits was acquired during the marriage. On June 26, 1981, the United States Supreme Court held that military retirement pay was not subject to division under state community property regimes. See McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).
Reacting to this decision, the United States Congress, on September 8, 1982, enacted the Uniform Services Former Spouses Protection Act (USFSPA), 10 U.S.C. Sec. 1408, which became effective on January 1, 1983. The law returned to the states the authority to determine whether military retirement pay was to be treated as separate or community property under 10 U.S.C. Sec. 1408. The effect of USPSPA was to cause a flood of eases, seeking to re-open pre-McCarty divorce eases.
On November 5, 1990, the United States Congress amended 10 U.S.C. Sec. 1408(c)(1) to add, in relevant part, the following provision:
A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of a|3member and the *825 member’s spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incidental to such decree) affecting the member and the member’s spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member’s spouse or former spouse.
(Emphasis added).
This “sentence is designed to limit the retroactivity of McCarty by preventing former spouses from reopening a ease in which there was a property settlement, prior to the McCarty decision, which did not treat military retirement benefits as community property or did not reserve jurisdiction to treat such benefits as community property.” Meche v. Meche, 93-1045 (La.App. 3 Cir. 4/6/94); 635 So.2d 614, 616, writ denied, 94-1174 (La.6/24/94); 640 So.2d 1353, cert. denied, 513 U.S. 1001, 115 S.Ct. 513, 130 L.Ed.2d 419 (1994).
10 U.S.C. See. 1408(c)(1) requires that the decree of divorce, dissolution, annulment or legal separation “include a court ordered, ratified, or approved property settlement incident to such decree” in order for Holbert to have the benefit of said statute. Id., 635 So.2d at 616.
Since the judgment of divorce of February 15, 1974, in the instant case, “did not include a court ordered, ratified, or approved property settlement of any kind,” the court may treat Holbert’s military retirement benefits as community property. Id. at 617. Thus, the trial court erred in holding that 10 U.S.C. Sec. 1408(c)(1) precluded it from treating Holbert’s military retirement pay as property of the community formerly existing between Holbert and Sehexnayder. Holbert’s military retirement pay benefits are community property and may be partitioned.
CONCLUSION
Schexnayder’s contention that she is entitled by law to a partition of the community property at issue and that she should be found to be an owner of one-half interest in the pension plan from December 17, 1960, the date of the marriage, to February 15, 1974, the date of divorce, with Holbert is meritorious. The decision of the trial court in maintaining Holbert’s Exception of No Cause or Right of Action is reversed. All costs of this appeal are assessed against Hol-bert.
REVERSED.