714 So.2d 680 (1998)
Carol Johnson SCHEXNAYDER
v.
Frank Edward HOLBERT.
No. 98-C-0012.
Supreme Court of Louisiana.
May 29, 1998.
*681 James Howard Mixon, Bunkie, for Applicant.
James L. Brazee, Jr., Lafayette, for Respondent.
PER CURIAM.[*]
We granted certiorari in this case to consider the issue of whether 10 U.S.C. § 1408(c)(1) precludes a former wife, divorced in 1974, from seeking a partition of her former husband's military retirement benefits. We conclude that it does, and therefore reverse the judgment of the court of appeal and reinstate the judgment of the district court.

FACTS
Carol Johnson Schexnayder and Frank Edward Holbert were married on December 17, 1960. During the marriage, Mr. Holbert served in the United States Air Force. Ms. Schexnayder filed for legal separation on November 23, 1971. The district court signed a judgment of separation on January 11, 1972, and on February 15, 1974, Mr. Holbert and Ms. Schexnayder were legally divorced. There was never an action for partition of the community at that time.
Several years later, on February 10, 1995, Ms. Schexnayder filed a Petition for Partition, alleging that Mr. Holbert's military retirement benefits were community property, and she was entitled to a partition of this property. In response to the petition, Mr. Holbert filed an "Exception of No Right or Cause of Action," contending that 10 U.S.C. § 1408(c)(1) precludes a court from treating military retirement pay as property for purposes of partition if a final decree of divorce was issued prior to June 25, 1981 and did not treat, or reserve jurisdiction to treat, the retirement pay as community property. Since the divorce decree in the instant case was rendered prior to 1981, and it did not address the retirement benefits, Mr. Holbert alleged Ms. Schexnayder had no right to seek a partition at this time.
After a hearing, the trial court sustained Mr. Holbert's exception and dismissed Ms. Schexnayder's suit. Ms. Schexnayder appealed this ruling. The court of appeal reversed the judgment of the trial court.[1] *682 Upon Mr. Holbert's application, we granted certiorari to address a conflict in the circuits on this issue.[2]

LAW
Prior to 1981, Louisiana courts held that former spouses were entitled to a community share of the other spouse's military retirement pay when the right to such benefits was acquired during the marriage. See, e.g., Succession of Scott, 231 La. 381, 91 So.2d 574 (1956). However, on June 26, 1981, the United States Supreme Court held that military retirement pay was not subject to division under state community property regimes. McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Reacting to this decision, the United States Congress, on September 8, 1982, enacted the Uniform Services Former Spouses Protection Act ("USFSPA"), 10 U.S.C. § 1408, which became effective on January 1, 1983. Essentially, that law returned to the states the authority to determine whether military retirement pay was to be treated as separate or community property under 10 U.S.C. § 1408.[3] Comment, The Uniformed Services Former Spouses Protection Act of 1982: Problems Resulting from its Application, 20 U.S.F.L.Rev. 83 (1985). Apparently, the effect of USFSPA was to cause a flood of cases, seeking to re-open pre-McCarty divorce cases.[4] In response to this problem, on November 5, 1990, the United States Congress amended 10 U.S.C. § 1408(c)(1).[5] As amended, that statute now provides:
Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of a member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incidental to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse [emphasis added].
The statutory notes to this amendment indicate that its purpose was to add "provisions relating to a prohibition on a court from treating retired pay as property in any proceeding to divide or partition any amount of retired pay if a final decree of divorce, etc., was ratified and issued before June [25], 1981, and did not treat any amount of retired pay of the member as retired pay of both the member and the member's spouse or former spouse."
The statutory notes to this provision further provide that the amendment adding the prohibition to 1408(c)(1) shall apply with respect to judgments issued before, on or after the date of the enactment of the act, November 5, 1990.
Following the enactment of 10 U.S.C. § 1408(c)(1), the issue of partition of retirement benefits in pre-McCarty divorces was raised in several Louisiana appellate cases. In Johnson v. Johnson, 605 So.2d 1157 (La. App. 2d Cir.), writ denied, 608 So.2d 152 (La.1992), the court addressed a situation where the parties had been divorced in 1976, *683 and the divorce judgment did not address the issue of military retirement benefits. In 1990, the former wife sought to partition her former husband's military benefits. The court of appeal concluded that "[b]ecause the former judgments of separation and divorce in this case did not deal with the military retirement benefits and did not reserve jurisdiction to treat the retirement benefits as property under Louisiana law, this case comes squarely under the federal preemption of 10 U.S.C. § 1408(c)(1) precluding states from treating the military retirement benefits as property of the community."
Likewise, in White v. White, 623 So.2d 31 (La.App. 1st Cir.1993), the court addressed a case where the parties were separated in 1966 and divorced in 1967. The community property of the parties was not judicially partitioned at that time. In 1989, the former wife sought to partition her former husband's military retirement benefits. The court recognized that at the time of the divorce, the former wife had a community interest under Louisiana law in her husband's military retirement. However, the court found that since neither the separation nor divorce judgments made any specific mention or reservation of military retirement benefits, federal law now preempted any classification of those benefits as community property.
In contrast to Johnson and White, the court in Meche v. Meche, 93-1045 (La.App. 3 Cir. 4/6/94), 635 So.2d 614, 616, writ denied, 94-1174 (La.6/24/94), 640 So.2d 1353, cert. denied, 513 U.S. 1001, 115 S.Ct. 513, 130 L.Ed.2d 419 (1994), reached a different result. In Meche, the parties were separated on May 4, 1981, and divorced by judgment dated October 9, 1981. The parties entered into a community property settlement on October 31, 1992, but this settlement did not mention the former husband's military retirement. In 1992, the former wife sought to partition the military retirement. In concluding that the former wife could raise the issue, the Meche court relied on the parenthetical language in 10 U.S.C. § 1408(c)(1) for the proposition that the final decree must include a court ordered, ratified or approved property settlement incident to such decree involving military retirement. The court reasoned that the intent of Congress was to prevent relitigation of community property issues concerning military retirement benefits resolved prior to McCarty. However, if the final decree did not include such an order, the court reasoned the statute did not prevent the military retirement from now being treated as community. The court of appeal in the instant case essentially adopted this holding.
The reasoning of Meche was rejected by the federal district court in Delrie v. Harris, 962 F.Supp. 931 (W.D.La.1997). In that case, Ms. Delrie and her former husband, Harry Harris, Jr., were separated in 1962 and divorced in 1963. Ms. Delrie later sought to partition Mr. Harris' military benefits, arguing there had been no court ordered, ratified or approved property settlement, and, therefore, 10 U.S.C. § 1408(c)(1) did not apply. The federal court disagreed, stating:
Delrie suggests that the parenthetical clause limits the words "divorce, dissolution, annulment, or legal separation" so that unless the divorce included a court ordered, ratified, or approved property settlement, the condition of § 1408(c)(1)(A & B) does not apply. The court thus may treat the retirement benefits as community property. Harris contends that the parenthetical clause expands or illustrates the preceding list to include property settlements incident to such decrees, but not to limit the preceding words. An approved property settlement, in other words, is not required for the exception to apply. This dispute is decisive because if Harris' interpretation is correct, the Act bars Delrie's partition action.
We hold that the plain language of the statute supports the interpretation suggested by Harris. The parenthetical clause in 10 U.S.C. § 1408(c)(1) illustrates the statutory language without limiting it. This precise question has not been addressed by the Fifth Circuit, but our conclusion is consistent both with a prior ruling in this district, Kemp v. United States Dept. of Defense, 857 F.Supp. 32 (W.D.La. 1994), and common sense. At the time of *684 the Harris-Delrie divorce, Louisiana courts had held that a former spouse was entitled to a community share of military retirement benefits. See, e.g., Succession of Scott, 231 La. 381, 91 So.2d 574 (La. 1956). But by enacting § 1408(c)(1) of the Former Spouses' Protection Act, Congress acted to prevent relitigation of divorces concluded prior to 1981. Delrie thus had a right to the retirement benefits at one time, but did not act on that right until after it was terminated by passage of the Former Spouses' Protection Act.
962 F.Supp. at 935.
Having considered these cases, we conclude the correct view of the law is stated in Delrie, Johnson and White. As the Delrie court reasoned, a plain reading of 10 U.S.C. § 1408(c)(1) leads to the conclusion that the parenthetical language "including a court ordered, ratified, or approved property settlement incidental to such decree" illustrates the phrase "final decree of divorce, dissolution, annulment, or legal separation," but is not intended to limit such decrees to only those which include court ordered, ratified, or approved property settlements. The clear intent of Congress in amending 10 U.S.C. § 1408(c)(1) in 1990 was to limit the retroactive effect of the original 1983 provision, and prevent former spouses from reopening pre-McCarty final divorce decrees which did not make reference to military retirement benefits. By interpreting 10 U.S.C. § 1408(c)(1) as applying only to those final decrees including court ordered, ratified, or approved property settlements, this intent would be frustrated.
Thus, we hold 10 U.S.C. § 1408(c)(1) precludes a community property partition of military benefits in any case in which a final decree of divorce, dissolution, annulment, or legal separation is issued before June 25, 1981, and does not treat (or reserve jurisdiction to treat) any issues of military retirement benefit. Such a final decree may include, but need not necessarily include, a court ordered, ratified, or approved property settlement incidental to such decree.[6]

CONCLUSION
Applying the law to the facts of this case, we find the separation and divorce decrees were entered prior to June 26, 1981, and did not treat (or reserve jurisdiction to treat) any issues of military retirement benefits. Accordingly, Ms. Schexnayder is now precluded under 10 U.S.C. § 1408(c)(1) from seeking partition of Mr. Holbert's military retirement benefits.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the district court sustaining the exception of no cause or right of action and dismissing the suit is reinstated. All costs in this matter are assessed against Carol Johnson Schexnayder.
NOTES
[*] Marcus, J. not on panel. Rule IV, Part 2, § 3.
[1] 97-724 (La.App. 3d Cir. 12/3/97), 704 So.2d 823.
[2] 98-0012 (La.3/13/98), 712 So.2d 860.
[3] As originally enacted, 10 U.S.C. § 1408(c)(1) provided:

Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.
[4] See, e.g., Newman v. Newman, 558 So.2d 821 (Miss.1990); Casas v. Thompson, 42 Cal.3d 131, 228 Cal.Rptr. 33, 720 P.2d 921 (1986); Tomlinson v. Tomlinson, 102 Nev. 652, 729 P.2d 1363 (1986).
[5] For a complete legislative history of 10 U.S.C. § 1408(c)(1), see Johnson v. Johnson, 605 So.2d 1157, 1160 (La.App. 2d Cir.), writ denied, 608 So.2d 152 (La.1992).
[6] Insofar as Meche conflicts with this holding, it is overruled.