hAMY, Judge.
The defendant appeals a summary judgment which partitioned military retirement benefits earned while he was married to the plaintiff. For the following reasons, we affirm.
Factual and Procedural Background
Frances Dodson Fricks and Tommy D. Fricks were married on February 23,1975. The couple was subsequently divorced on May 11,1987. Mr. Fricks began service in the Louisiana National Guard on July 15, 1977. He remained in service until his discharge for health reasons on September 1, 1988. Due td the amount of time spent in service with the National Guard, Mr. Fricks was eligible to receive military retirement pay once he reached sixty years of age. On September 15, 1989, Ms. Fricks filed suit against Mr. Fricks seeking a judicial partition of the military retirement pay earned during the existence of their marriage, claiming such benefits were community property. The plaintiff asserted in her petition that Mr. Fricks would begin receiving his military retirement from the National Guard on April 13, 1999, the day he reached the age of sixty.
Thereafter, the parties began working to determine the portion of Mr. Fricks’ monthly retirement pay that the plaintiff was entitled to receive. During their discussions, a dispute arose as to what amount of net monthly retirement pay should be used to calculate the plaintiffs portion. Mr. Fricks’ “retiree account statement” reflects that from the gross monthly pay, there are deductions for federal .and state income taxes as well as a deduction for a survivor benefit plan (SBP). The deduction for the SBP is used to pay for survivor benefits in favor of Mr. *792 Fricks’ current spouse and his minor child with the plaintiff. The plaintiff argues that the amount of the deduction for the SBP that benefits Mr. Fricks’ current spouse should not be used to reduce the calculation of net monthly retirement pay; rather, the deduction should be padded back to the net retirement pay. Mr. Fricks disagreed, arguing that the net monthly pay was the amount that remained after deduction for taxes and deduction for the SBP. After failing to reach an agreement, a hearing was held on August 28, 1999. At this hearing, only the plaintiff appeared with counsel. Mr. Fricks submitted a letter in his absence, reasserting his position that the net monthly retirement pay should reflect the deduction for the SBP. After presentation of her argument, the trial court rendered judgment in favor of Ms. Fricks for $1,038.56, her share of the retirement pay paid from April 1999 to August 1999. Further, the judgment ordered Mr. Fricks to begin paying Ms. Fricks $219.74 per month, commencing on September 1, 1999, as her community property share of the military retirement pay. The amounts reflected in the judgment were calculated by adding the portion of the deduction for the SBP attributable to Mr. Fricks’ current spouse back into the net retirement payment. Mr. Fricks appeals the judgment contending that the deduction for the SBP is a deduction allowed by law and, therefore, the trial court was erroneous in failing to use the deduction in calculating the plaintiffs share of the military retirement pay.
Discussion of the Merits

Military Retirement Benefits

It is well-settled that a former spouse is entitled to a community share of the other spouse’s military retirement benefits when the right to those benefits were earned during the existence of the community regime. Schexnayder v. Holbert, 98-12 (La.5/29/98); 714 So.2d 680; Frazier v. Harper, 600 So.2d 59 (La.1992); Hare v. Hodgins, 586 So.2d 118 (La.1991). See 10 U.S.C. § 1408(c)(1).[1] The partition and | ¡¡valuation of those military retirement benefits are matters which are left to the discretion of the trial court and those determinations will not be disturbed absent an abuse of that discretion. Hare, 586 So.2d 118; Harmon v. Harmon, 617 So.2d 1373 (La.App. 3 Cir.1993).
10 U.S.C. § 1408(c)(1) grants authority to the courts to treat the “disposable retired pay” of a member entitled to such pay as property of the member and the spouse. The term “disposable retired pay” is defined in 10 U.S.C. § 1408(a)(4), which states:
(4) The term “disposable retired pay” means the total monthly retired pay to which a member is entitled less amounts which-
(A) are owed by that member to the United States for previous overpay-ments of retired pay and for recoup-ments required by law resulting from entitlement to retired pay;
(B) are deducted from the retired pay of such member as a result of forfeitures of retired pay ordered by a court-martial or as a result of a waiver of retired pay required by law in order to receive compensation under title 5 or title 38;
(C) in the case of a member entitled to retired pay under chapter 61 of this title, are equal to the amount of retired pay of the member under that chapter computed using the percentage of the member’s disability on the date when the member was retired (or the date on which the member’s name *793 was placed on the temporary disability retired list); or
(D) are deducted because of an election under chapter 73 [Survivor Benefit Plan] of this title to provide an annuity to a spouse or former spouse to whom payment of a portion of such member’s retired pay is being made pursuant to a court order under this section.
(Emphasis added.)
Mr. Fricks alleges that under 10 U.S.C. § 1408(a)(4)(D), the deduction for the SBP in favor of his current spousejs excluded from calculating his total net monthly |4pay and therefore it was erroneous for the trial court to include that deduction in its calculations of the plaintiffs share of the community property. However, other than his argument regarding the applicability of the statute, Mr. Fricks has not provided any authority or evidence to establish that he is entitled to the deduction allowed under the provision cited.
In our view, the statute clearly provides that in order for the deduction from a member’s total monthly pay for contribution into a SBP to not be considered part of the disposable retired pay, the member must show that the contribution is being made in order to provide an annuity to a spouse or former spouse to whom payment of a portion of the member’s retired pay is being made pursuant to a court order. See 10 U.S.C. § 1408(a)(2). Mr. Fricks has not alleged nor has he offered any evidence to prove that this is the case in the present matter. Therefore, we find no merit in this assignment of error and find no error in the trial court’s calculation of the plaintiffs community property share of Mr. Fricks’ military retirement pay.

Frivolous Appeal

In her brief to this court, Ms. Fricks asserts that Mr. Fricks should be assessed with damages for frivolous appeal of the trial court’s judgment. Without reaching the merits of Ms. Fricks’ claim, we observe that the record does not indicate that she has answered the appeal and, therefore, has not properly presented the issue to this court. La.Civ.Code art. 2133. See Dubois v. Diamond M Co., 500 So.2d 919 (La.App. 3 Cir.1987); Walker v. Creech, 509 So.2d 168 (La.App. 1 Cir.), writ denied, 512 So.2d 464 (La.1987). Thus, we do not consider her assertions on this issue.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant/appellant, Tommy D. Fricks.
AFFIRMED.

. 10 U.S.C. § 1408(c)(1) states in pertinent part:
Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.